OPINION OF THE COURT
Bentley Kassal, J.
ISSUE
May a letter of credit be substituted for an attachment undertaking?
DECISION
The defendant, Timberland Equipment Limited (Timberland) , moves to terminate a temporary restraining order *432 which restricts the transfer of cash funds from a bank account pending the hearing on a motion by the plaintiff for an order of attachment. In lieu of the attached funds, Timberland, by this application, seeks to submit á letter of credit as security, pending the determination of the motion for an attachment and, alternatively, as a substitute for an undertaking in the event the order of attachment is granted. Since I granted the order of attachment in the companion Motion No. 23 of June 16, 1980, the motion will be considered with respect to the second branch of the relief requested.
Pursuant to CPLR 6222, a defendant whose property or debt has been attached may obtain discharge of such attachment upon posting of an undertaking that the defendant will pay to the plaintiff the amount of any judgment which may be recovered in the action. Pursuant to CPLR 2502, such an undertaking must be executed by an insurance company authorized to do so within this State or by a natural person, “unless the court orders otherwise”. There appears to be no reason why the discretion granted to the court in this section could not be exercised to the extent of permitting the substitution of a letter of credit for an undertaking so long as it constituted an obligation which fully complies with CPLR 2501 and assures the attaching party that there will be a sufficient guarantee of payment of any judgment which may be rendered.
In my opinion, a letter of credit, in principle, may fully qualify in all respects exactly like an undertaking. However, the proposed letter of credit is issued by a Canadian bank and contains language which may not provide sufficient assurance of an absolute obligation by the bank in the same manner as an undertaking. Since questions exist as to both the terms of the proposed letter of credit and the qualifications of the bank to issue the same, I am treating this motion as a motion to justify a surety pursuant to CPLR 2507.
As provided in that section, I am directing that there be a hearing to determine the sufficiency of the surety and the undertaking. Plaintiff is directed to serve a copy of this order with notice of entry upon the calendar clerk of *433 this court who shall assign this matter for an immediate hearing on this issue.